**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMICUS THERAPEUTICS US, LLC and AMICUS THERAPEUTICS, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. ________________ |
| LUPIN LTD., LUPIN PHARMACEUTICALS, INC., and SPRINGCARE USA LLC d/b/a SPRING BIO SOLUTION, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Amicus Therapeutics US, LLC ("ATUS") and Amicus Therapeutics, Inc. ("AT") (collectively "Amicus" or "Plaintiffs"), by way of Complaint against Defendants Lupin Ltd. ("Lupin Ltd."), Lupin Pharmaceuticals, Inc. ("Lupin Pharmaceuticals") (together, "Lupin"), and Springcare USA LLC d/b/a Spring Bio Solution ("SBS") (collectively "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of U.S. Patent Nos. 10,792,279 (the "'279 Patent"), 10,806,727 (the "'727 Patent"), 10,849,889 (the "'889 Patent"), 10,849,890 (the "'890 Patent"), 10,874,655 (the "'655 Patent"), 11,278,536 (the "'536 Patent"), 11,278,537 (the "'537 Patent"), 11,278,538 (the "'538 Patent"), 11,278,539 (the "'539 Patent"), 11,278,540 (the "'540 Patent"), 11,357,761 (the "'761 Patent"), 11,357,762 (the "'762 Patent"), 11,357,763 (the "'763 Patent"), 11,389,436 (the "'436 Patent"), 11,389,437 (the "'437 Patent"), 11,458,128 (the "'128 Patent"), 11,304,940 (the "'940 Patent"), 11,357,764 (the "'764 Patent"), 11,357,765 (the

"'765 Patent"), 11,376,244 (the "'244 Patent"), 11,426,396 (the "'396 Patent"), 10,874,657 (the "'657 Patent"), 11,357,784 (the "'784 Patent") (collectively, "Patents-in-Suit"), arising under the patent laws of the United States, Title 35, United States Code, § 100 *et seq.*, including 35 U.S.C. §§ 271 and 281. This action arises out of Lupin's submission of Abbreviated New Drug Application ("ANDA") No. 217793 under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market a generic version of GALAFOLD migalastat 123 mg free base capsules before the expiration of the Patents-in-Suit.

## THE PARTIES

2. Amicus Therapeutics US, LLC (*i.e.*, ATUS) is a limited liability company organized and existing under the laws of the state of Delaware with its corporate headquarters at 3675 Market Street, Philadelphia, PA 19104.

3. Amicus Therapeutics, Inc. (*i.e.*, AT) is a corporation organized and existing under the laws of the state of Delaware with its corporate headquarters at 3675 Market Street, Philadelphia, PA 19104.

4. Amicus is a global, patient-dedicated biotechnology company focused on discovering, developing and delivering novel and high-quality medicines for people living with rare diseases. The cornerstone of Amicus's portfolio is GALAFOLD, the first approved oral precision medicine for people living with Fabry disease who have amenable genetic variants. Fabry disease is a genetic disorder known as a lysosomal storage disorder. Fabry disease is caused by a mutation or variant to the GLA gene, which encodes the enzyme α-galactosidase A (α-Gal A). The variant causes the substrate globotriaosylceramide (GL-3) to accumulate in various tissues and organs.

5. Amicus sells GALAFOLD migalastat 123 mg free base capsules throughout the United States, including in this judicial district.

6. By a letter dated October 4, 2022 ("Lupin's Notice Letter") and received by Amicus on October 5, 2022, Lupin notified Amicus that Lupin Ltd. had submitted an ANDA to the United States FDA ("Lupin's ANDA") for "migalastat hydrochloride capsules, eq 123 mg base," a drug product that is a generic version of GALAFOLD ("Lupin's ANDA Product"). Upon information and belief, the purpose of Lupin's submission of Lupin's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product prior to the expiration of the Patents-in-Suit.

7. In Lupin's Notice Letter, Lupin notified Amicus that, as part of Lupin's ANDA, Lupin had filed a certification pursuant to Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("¶ IV") with respect to U.S. Patent Nos. 10,076,514; 10,251,873; 10,471,053; 10,792,278; 10,792,279; 10,799,491; 10,806,727; 10,849,889; 10,849,890; 10,857,141; 10,857,142; 10,874,655; 10,874,656; 10,874,657; 11,234,972; 11,278,536; 11,278,537; 11,278,538; 11,278,539; 11,278,540; 11,304,940; 11,357,761; 11,357,762; 11,357,763; 11,357,764; 11,357,765; 11,357,784; 11,376,244; 11,389,436; and 11,389,437 (together, the "Notice Letter Patents"), which are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluation ("Orange Book"). Lupin's Notice Letter asserted that the Notice Letter Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product (the "¶ IV Certification"). Lupin's Notice Letter purported to include detailed

statements of the factual and legal bases for Lupin's ¶ IV Certification. Lupin's Notice Letter defined Lupin as Lupin Ltd.

8. Upon information and belief, Lupin Ltd. is a corporation organized and existing under the laws of the Republic of India, having a principal place of business at Kalpataru Inspire, 3rd Floor, Off Western Express Highway, Santacruz (East), Mumbai 40055, India.

9. Upon information and belief, Lupin Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, Maryland 21202.

10. Upon information and belief, Springcare USA LLC is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 10 Plainfield Avenue, Suite 3, Piscataway, NJ 08854. Upon information and belief, Springcare USA LLC does business as Spring Bio Solution (*i.e.,* SBS).

11. Upon information and belief, Lupin Ltd. is a publicly traded company and there is no publicly traded corporation that owns 10% or more of Lupin Ltd.'s stock.

12. Upon information and belief, Lupin Pharmaceuticals is an indirect, wholly-owned subsidiary of Lupin Ltd.

13. Upon information and belief, Lupin Ltd. submitted Drug Master File ("DMF") No. 36729 for migalastat hydrochloride to the FDA on March 31, 2022.

14. Upon information and belief, Lupin Pharmaceuticals and SBS are United States agents acting at the direction of, and for the benefit of, Lupin Ltd. regarding Lupin's ANDA No. 217793.

15. Upon information and belief, SBS is in the business of, among other things, sourcing ingredients and other supplies for the marketing, manufacture, distribution, and/or sale

of generic versions of branded pharmaceutical drug products throughout the United States, including in this judicial district.

16. Upon information and belief, Lupin Ltd. and Lupin Pharmaceuticals are generic pharmaceutical companies that, in coordination with each other and with SBS, are in the business of making and selling generic pharmaceutical products, which they coordinate, collaborate, and act in concert with one another to distribute and/or intend to distribute throughout the United States including in this judicial district.

## JURISDICTION AND VENUE

17. This is an action for patent infringement arising under 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. The Court also has jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and justiciable controversy exists between Amicus and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to the Patents-in-Suit.

19. Upon information and belief, Defendants coordinate, collaborate, and act in concert with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

20. Upon information and belief, Defendants have and will continue to coordinate, collaborate, and act in concert to prepare, submit, and maintain Lupin's ANDA No. 217793 pursuant to Section 505(j) of the FDCA, 21 U.S.C. § 355(j). Defendants are therefore submitters of an ANDA within the jurisdiction of this Court.

21. This Court has personal jurisdiction over Lupin Pharmaceuticals because, upon information and belief, its affiliations with and business activities within the state of Delaware and this judicial district, including by virtue of its incorporation and residence in Delaware, are so systematic and continuous as to render Lupin Pharmaceuticals essentially at home in this judicial district.

22. The Court has personal jurisdiction over foreign Defendant Lupin Ltd. because, upon information and belief, Lupin Ltd. controls the actions of its agent and United States subsidiary, Lupin Pharmaceuticals, a Delaware corporation. Therefore, upon information and belief, the activities of Lupin Pharmaceuticals in this jurisdiction are attributed to Lupin Ltd.

23. The Court also has personal jurisdiction over foreign Defendant Lupin Ltd. pursuant to Fed. R. Civ. P. 4(k)(2). This action arises under federal law, out of Lupin's submission of an ANDA filing. To the extent Lupin Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, exercising jurisdiction over Lupin Ltd. is consistent with the Constitution and laws of the United States as Lupin Ltd. has sufficient contacts in the United States as a whole, including, but not limited to, by participating in the preparation, submission, and maintenance of Lupin's ANDA, participating in the preparation and submission of DMF No. 36729, and/or directly or indirectly developing, manufacturing, marketing, and selling Lupin's ANDA Product throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Lupin Ltd. satisfies due process.

24. This Court also has personal jurisdiction over Lupin because, upon information and belief, Lupin Ltd. and Lupin Pharmaceuticals have frequently availed themselves of the legal protections of the State of Delaware by, among other things, selecting the State of Delaware as the place of incorporation for itself and/or its subsidiaries. Upon information and belief, Lupin Ltd.

and Lupin Pharmaceuticals have affirmatively availed themselves of the jurisdiction of this Court through the assertion of counterclaims in suits brought in this judicial district, including at least *Neurocrine Biosciences, Inc. v. Lupin Limited et al*, No. 1:22-cv-01061, at Dkt. 6 (D. Del. Sept. 9, 2022) and *ZS Pharma, Inc. et al v. Lupin Limited et al*, No. 1:22-cv-01055, at Dkt. 19 (D. Del. Oct. 7, 2022).

25. The Court has personal jurisdiction over Defendant SBS because, upon information and belief, SBS's actions in preparing, submitting, and maintaining Lupin's ANDA are directed and controlled by Lupin Pharmaceuticals, a Delaware corporation acting at the direction of, and for the benefit of its parent company, Lupin Ltd. Therefore, upon information and belief, the activities of Lupin Pharmaceuticals in this jurisdiction are attributed to SBS.

26. The Court also has personal jurisdiction over Defendant SBS because, upon information and belief, SBS has acted, and will continue to act, in concert with, or at the direction of, Lupin to (i) source, supply, manufacture, market, and/or distribute Lupin's ANDA Product in the United States, including in this judicial district; and (ii) prepare, and submit, Lupin's ANDA. Upon information and belief, Defendant SBS will financially benefit in a significant manner from the FDA's approval of Lupin's ANDA, including because it will derive substantial revenue from the use or consumption of Lupin's ANDA Product in this judicial district.

27. This Court also has personal jurisdiction over each Defendant because, upon information and belief, each is a submitter of Lupin's ANDA. This Court also has personal jurisdiction over each Defendant because, upon information and belief, each has committed or aided, abetted, contributed to, or participated in tortious acts of patent infringement in submitting Lupin's ANDA that has led to foreseeable harm and injury to Amicus, which manufactures GALAFOLD for sale and use throughout the United States, including within this judicial district.

Upon information and belief, each Defendant will imminently commit, or aid, abet, contribute to, or participate in tortious acts of patent infringement by directly or indirectly developing, manufacturing, marketing, and selling Lupin's ANDA Product throughout the United States and in this judicial district, which will lead to foreseeable harm and injury to Amicus.

28. Upon information and belief, Defendants have been, and continue to be, joint and prime actors in the preparation, drafting, submission, approval, and maintenance of ANDA No. 217793 for the United States market. Lupin's ANDA No. 217793 relates to this litigation and is substantially connected with this judicial district because it reliably and non-speculatively predicts Defendants' intent to market and sell Lupin's ANDA Product throughout the United States, including in this judicial district.

29. Lupin, in coordination and collaboration with SBS, has taken the significant step of applying to the FDA for approval to engage in future activities—including the marketing of Lupin's ANDA Product—which, upon information and belief, will be purposefully directed at this judicial district and elsewhere throughout the United States. Upon information and belief, the Defendants will act in concert to market, distribute, and sell Lupin's ANDA Product in this judicial district, among other places, once Lupin receives the requested FDA approval to market Lupin's ANDA Product.

30. For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, each Defendant is subject to personal jurisdiction in this judicial district.

31. Venue is proper for Lupin Ltd. in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) and/or Fed. R. Civ. P. 4(k)(2) because Lupin Ltd. is a submitter of Lupin's ANDA. Venue is also proper for Lupin Ltd. in this judicial district because Lupin Ltd. is incorporated in India and may be sued in any judicial district in the United States.

32. Venue is proper for Lupin Pharmaceuticals in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Lupin Pharmaceuticals is incorporated and therefore resides in the state of Delaware and has committed acts of infringement giving rise to the claims against it in this judicial district. Venue is also proper for Lupin Pharmaceuticals in this judicial district because Lupin Pharmaceuticals is a submitter of Lupin's ANDA.

33. Venue is proper for SBS in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because SBS, as Lupin's agent, has committed acts of infringement giving rise to the claims against it in this judicial district and will derive substantial revenue from the use or consumption of Lupin's ANDA Product in this judicial district and throughout the United States. Venue is also proper for SBS in this judicial district because SBS is a submitter of Lupin's ANDA.

## FACTUAL BACKGROUND

### The NDA

34. ATUS is the holder of New Drug Application ("NDA") No. 208623 for GALAFOLD capsules comprising 123 mg free base migalastat ("GALAFOLD Capsules").

35. GALAFOLD is an oral medication administered every other day approved for the treatment of adults with a confirmed diagnosis of Fabry disease and an amenable α-galactosidase A (GLA) gene variant. Migalastat, which is an iminosugar, is the active ingredient in GALAFOLD Capsules.

36. The FDA approved NDA No. 208623 on August 10, 2018. GALAFOLD enjoys New Chemical Entity ("NCE") exclusivity until August 10, 2023.

37. GALAFOLD is designated as an orphan drug under the Orphan Drug Act, 21 U.S.C. § 360aa *et seq.* and enjoys Orphan Drug Exclusivity ("ODE") until August 10, 2025.

Amicus markets capsules comprising 123 mg free base migalastat in the United States under the trademark GALAFOLD.

38. Lupin advertises itself as "one of the fastest-growing pharmaceutical companies in the U.S." *See* https://www.lupin.com/US/generics/ (last accessed November 7, 2022). Lupin further proclaims that it "has a strong and well-established generic presence in the United States." *See* https://www.lupin.com/US/about-us/ (last accessed November 7, 2022).

39. SBS advertises itself as "a specialty pharmaceutical wholesaler" that "provide[s] a flexible tailored one-stop solution for all [its] client's needs" and lists Lupin as one of its "marquee clients" on the homepage of its public website. *See* https://springbiosolution.us/ (last accessed November 7, 2022).

40. On February 22, 2022, Defendant SBS, on behalf of Lupin Ltd., submitted a request pursuant to 21 U.S.C. § 355-2 (the "CREATES Act") to ATUS seeking to purchase eight packs of GALAFOLD for testing purportedly deemed necessary by Lupin to support Lupin's ANDA No. 217793. SBS's request included a letter from Lupin Ltd.'s Vice President, Raghavan Vineeth, stating that Lupin Ltd. "has engaged its distributor and logistics provider [SBS]" to access GALAFOLD for Lupin Ltd., and instructing ATUS to direct all correspondence to SBS and send the requested GALAFOLD samples to SBS.

41. Upon information and belief, Defendants intend to develop a generic version of GALAFOLD.

## **The Patents-in-Suit**

42. The United States Patent and Trademark Office (the "PTO") duly and legally issued the '279 Patent on October 6, 2020, titled "Methods of Treating Fabry Patients Having Renal Impairment." A true and correct copy of the '279 Patent is attached as Exhibit A.

43. AT is the owner of all right, title, and interest in the ’279 Patent by assignment recorded with the PTO on August 5, 2022.

44. The ’279 Patent currently expires on May 30, 2038.

45. The ’279 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

46. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’279 Patent.

47. The PTO duly and legally issued the ’727 Patent on October 20, 2020, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’727 Patent is attached as Exhibit B.

48. AT is the owner of all right, title, and interest in the ’727 Patent by assignment recorded with the PTO on August 5, 2022.

49. The ’727 Patent currently expires on May 30, 2038.

50. The ’727 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

51. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’727 Patent.

52. The PTO duly and legally issued the ’889 Patent on December 1, 2020, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’889 Patent is attached as Exhibit C.

53. AT is the owner of all right, title, and interest in the ’889 Patent by assignment recorded with the PTO on August 5, 2022.

54. The ’889 Patent currently expires on May 30, 2038.

55. The ’889 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

56. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’889 Patent.

57. The PTO duly and legally issued the ’890 Patent on December 1, 2020, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’890 Patent is attached as Exhibit D.

58. AT is the owner of all right, title, and interest in the ’890 Patent by assignment recorded with the PTO on August 5, 2022.

59. The ’890 Patent currently expires on May 30, 2038.

60. The ’890 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

61. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’890 Patent.

62. The PTO duly and legally issued the ’655 Patent on December 29, 2020, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’655 Patent is attached as Exhibit E.

63. AT is the owner of all right, title, and interest in the ’655 Patent by assignment recorded with the PTO on August 5, 2022.

64. The ’655 Patent currently expires on May 30, 2038.

65. The ’655 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

66. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’655 Patent.

67. The PTO duly and legally issued the ’536 Patent on March 22, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’536 Patent is attached as Exhibit F.

68. AT is the owner of all right, title, and interest in the ’536 Patent by assignment recorded with the PTO on August 5, 2022.

69. The ’536 Patent currently expires on May 30, 2038.

70. The ’536 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

71. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’536 Patent.

72. The PTO duly and legally issued the ’537 Patent on March 22, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’537 Patent is attached as Exhibit G.

73. AT is the owner of all right, title, and interest in the ’537 Patent by assignment recorded with the PTO on August 5, 2022.

74. The ’537 Patent currently expires on May 30, 2038.

75. The ’537 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

76. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’537 Patent.

77. The PTO duly and legally issued the ’538 Patent on March 22, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’538 Patent is attached as Exhibit H.

78. AT is the owner of all right, title, and interest in the ’538 Patent by assignment recorded with the PTO on August 5, 2022.

79. The ’538 Patent currently expires on May 30, 2038.

80. The ’538 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

81. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’538 Patent.

82. The PTO duly and legally issued the ’539 Patent on March 22, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’539 Patent is attached as Exhibit I.

83. AT is the owner of all right, title, and interest in the ’539 Patent by assignment recorded with the PTO on August 5, 2022.

84. The ’539 Patent currently expires on May 30, 2038.

85. The ’539 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

86. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’539 Patent.

87. The PTO duly and legally issued the ’540 Patent on March 22, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’540 Patent is attached as Exhibit J.

88. AT is the owner of all right, title, and interest in the ’540 Patent by assignment recorded with the PTO on August 5, 2022.

89. The ’540 Patent currently expires on May 30, 2038.

90. The ’540 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

91. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’540 Patent.

92. The PTO duly and legally issued the ’761 Patent on June 14, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’761 Patent is attached as Exhibit K.

93. AT is the owner of all right, title, and interest in the ’761 Patent by assignment recorded with the PTO on August 5, 2022.

94. The ’761 Patent currently expires on May 30, 2038.

95. The ’761 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

96. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’761 Patent.

97. The PTO duly and legally issued the ’762 Patent on June 14, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’762 Patent is attached as Exhibit L.

98. AT is the owner of all right, title, and interest in the ’762 Patent by assignment recorded with the PTO on August 5, 2022.

99. The ’762 Patent currently expires on May 30, 2038.

100. The ’762 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

101. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’762 Patent.

102. The PTO duly and legally issued the ’763 Patent on June 14, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’763 Patent is attached as Exhibit M.

103. AT is the owner of all right, title, and interest in the ’763 Patent by assignment recorded with the PTO on August 5, 2022.

104. The ’763 Patent currently expires on May 30, 2038.

105. The ’763 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

106. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’763 Patent.

107. The PTO duly and legally issued the ’436 Patent on July 19, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’436 Patent is attached as Exhibit N.

108. AT is the owner of all right, title, and interest in the ’436 Patent by assignment recorded with the PTO on August 5, 2022.

109. The ’436 Patent currently expires on May 30, 2038.

110. The ’436 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

111. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’436 Patent.

112. The PTO duly and legally issued the ’437 Patent on July 19, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’437 Patent is attached as Exhibit O.

113. AT is the owner of all right, title, and interest in the ’437 Patent by assignment recorded with the PTO on August 5, 2022.

114. The ’437 Patent currently expires on May 30, 2038.

115. The ’437 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

116. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’437 Patent.

117. The PTO duly and legally issued the ’128 Patent on October 4, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’128 Patent is attached as Exhibit P.

118. AT is the owner of all right, title, and interest in the ’128 Patent by assignment recorded with the PTO on August 5, 2022.

119. The ’128 Patent currently expires on May 30, 2038.

120. The ’128 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

121. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’128 Patent.

122. The PTO duly and legally issued the ’940 Patent on April 19, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’940 Patent is attached as Exhibit Q.

123. AT is the owner of all right, title, and interest in the ’940 Patent by assignment recorded with the PTO on August 5, 2022.

124. The ’940 Patent currently expires on May 30, 2038.

125. The ’940 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

126. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’940 Patent.

127. The PTO duly and legally issued the ’764 Patent on June 14, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’764 Patent is attached as Exhibit R.

128. AT is the owner of all right, title, and interest in the ’764 Patent by assignment recorded with the PTO on August 5, 2022.

129. The ’764 Patent currently expires on May 30, 2038.

130. The ’764 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

131. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’764 Patent.

132. The PTO duly and legally issued the ’765 Patent on June 14, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’765 Patent is attached as Exhibit S.

133. AT is the owner of all right, title, and interest in the ’765 Patent by assignment recorded with the PTO on August 5, 2022.

134. The ’765 Patent currently expires on May 30, 2038.

135. The ’765 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

136. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’765 Patent.

137. The PTO duly and legally issued the ’244 Patent on July 5, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’244 Patent is attached as Exhibit T.

138. AT is the owner of all right, title, and interest in the ’244 Patent by assignment recorded with the PTO on August 5, 2022.

139. The ’244 Patent currently expires on May 30, 2038.

140. The ’244 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

141. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’244 Patent.

142. The PTO duly and legally issued the ’396 Patent on August 30, 2022, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’396 Patent is attached as Exhibit U.

143. AT is the owner of all right, title, and interest in the ’396 Patent by assignment recorded with the PTO on August 5, 2022.

144. The ’396 Patent currently expires on May 30, 2038.

145. The ’396 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

146. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’396 Patent.

147. The PTO duly and legally issued the ’657 Patent on December 29, 2020, titled “Methods of Treating Fabry Patients Having Renal Impairment.” A true and correct copy of the ’657 Patent is attached as Exhibit V.

148. AT is the owner of all right, title, and interest in the ’657 Patent by assignment recorded with the PTO on August 5, 2022.

149. The ’657 Patent currently expires on May 30, 2038.

150. The ’657 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

151. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’657 Patent.

152. The PTO duly and legally issued the ’784 Patent on June 14, 2022, titled “Use of Migalastat for Treating Fabry Disease in Pregnant Patients.” A true and correct copy of the ’784 Patent is attached as Exhibit W.

153. AT is the owner of all right, title, and interest in the ’784 Patent by assignment recorded with the PTO on February 17, 2022.

154. The ’784 Patent currently expires on February 6, 2039.

155. The ’784 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

156. Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the ’784 Patent.

**LUPIN’S ANDA**

157. Upon information and belief, Defendants submitted ANDA No. 217793 with the FDA under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of 123 mg free base migalastat capsules (defined above as “Lupin’s ANDA Product”), which are generic versions of Amicus’ GALAFOLD Capsules.

158. Lupin’s Notice Letter purports to notify Amicus of Lupin’s ANDA No. 217793, including Lupin’s “Paragraph IV Certification” with respect to the Notice Letter Patents, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.95. Lupin’s Notice Letter stated that Lupin had filed ANDA No. 217793 with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the Patents-in-Suit.

159. Lupin’s Notice Letter states that ANDA No. 217793 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the Patents-in-Suit are invalid, unenforceable, or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product (defined above as Lupin’s “¶ IV Certification”).

160. Amicus commenced this action within 45 days of receiving Lupin’s Notice Letter, which triggers a stay of FDA approval of Lupin’s ANDA No. 217793, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

161. Upon information and belief, Defendants will knowingly provide Lupin's ANDA Product with a label ("Lupin's Label") including instructions for use that substantially copy the instructions in the label for GALAFOLD Capsules.

162. Upon information and belief, Defendants have made and will continue to make substantial and meaningful preparations to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product that will be administered to patients according to the instructions for use on Lupin's Label.

163. Upon information and belief, Lupin's ANDA Product will be administered to patients according to the instructions for use on Lupin's Label, which will result in formation of the compositions claimed by the Patents-in-Suit prior to their expiration.

164. Upon information and belief, Lupin's ANDA Product will be administered to patients using the methods claimed by the Patents-in-Suit prior to their expiration.

165. Upon information and belief, Lupin continues to seek approval of ANDA No. 217793, and upon approval by the FDA, Defendants intend to immediately engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product.

166. Upon information and belief, upon approval by the FDA, and upon commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States, Lupin's ANDA Product will be administered to patients according to the instructions for use on Lupin's Label, which will practice the compositions and methods claimed by the Patents-in-Suit prior to their expiration.

167. Upon information and belief, the compositions and methods covered by the claims of the Patents-in-Suit are an essential component of administering Lupin's ANDA Product to patients.

168. Upon information and belief, Defendants will direct or control the treatment of patients using Lupin's ANDA Product if the FDA approves ANDA No. 217793.

169. Upon information and belief, the treatment of patients using Lupin's ANDA Product will occur at Defendants' active behest and with their intent, knowledge, and encouragement.

170. Upon information and belief, Defendants will actively encourage, aid, and abet the treatment of patients using Lupin's ANDA Product with knowledge that such treatment is in contravention of Amicus' rights under the Patents-in-Suit.

171. Upon information and belief, Defendants know the instructions for use in Lupin's Label will induce and/or contribute to others using Lupin's ANDA Product in the manner set forth in the instructions.

172. Upon information and belief, physicians, health care providers, and/or patients will directly infringe one or more claims of the Patents-in-Suit by using Lupin's ANDA Product in accordance with the instructions for use provided in Lupin's Label.

173. Upon information and belief, Defendants specifically intend that physicians, health care providers, and/or patients will use Lupin's ANDA Product in accordance with the instructions for use provided in Lupin's Label to directly infringe one or more claims of the Patents-in-Suit.

174. Upon information and belief, Defendants knowingly have taken and intend to take active steps to induce and/or contribute to physicians, health care providers, and/or patients using

Lupin's ANDA Product in a manner that directly infringes at least one claim of the Patents-in-Suit.

175. Upon information and belief, Defendants know or should know that Lupin's ANDA Product will be especially made or especially adapted for use in infringement of at least one claim of the Patents-in-Suit, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

176. Upon information and belief, Defendants will actively induce and/or contribute to infringement of the Patents-in-Suit.

**COUNT I**

**(INFRINGEMENT OF THE '279 PATENT)**

177. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

178. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '279 Patent.

179. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '279 Patent are invalid, unenforceable, and/or will not be infringed.

180. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

181. Defendants have actual knowledge of the ’279 Patent, as evidenced by Lupin’s Notice Letter.

182. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’279 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’279 Patent.

183. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’279 Patent.

184. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

185. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’279 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’279 Patent.

186. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

187. Defendants have knowledge of the ’279 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’279 Patent, either literally or under the doctrine of equivalents.

188. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '279 Patent.

189. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

190. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '279 Patent unless enjoined by the Court.

191. Amicus does not have any adequate remedy at law.

## COUNT II

## (INFRINGEMENT OF THE '727 PATENT)

192. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

193. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '727 Patent.

194. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '727 Patent are invalid, unenforceable, and/or will not be infringed.

195. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration,

dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

196. Defendants have actual knowledge of the ’727 Patent, as evidenced by Lupin’s Notice Letter.

197. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’727 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’727 Patent.

198. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’727 Patent.

199. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

200. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’727 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’727 Patent.

201. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

202. Defendants have knowledge of the ’727 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’727 Patent, either literally or under the doctrine of equivalents.

203. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’727 Patent.

204. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

205. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’727 Patent unless enjoined by the Court.

206. Amicus does not have any adequate remedy at law.

**COUNT III**

**(INFRINGEMENT OF THE ’889 PATENT)**

207. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

208. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’889 Patent.

209. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '889 Patent are invalid, unenforceable, and/or will not be infringed.

210. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

211. Defendants have actual knowledge of the '889 Patent, as evidenced by Lupin's Notice Letter.

212. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '889 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '889 Patent.

213. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '889 Patent.

214. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

215. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the '889 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or

contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’889 Patent.

216. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

217. Defendants have knowledge of the ’889 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’889 Patent, either literally or under the doctrine of equivalents.

218. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’889 Patent.

219. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

220. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’889 Patent unless enjoined by the Court.

221. Amicus does not have any adequate remedy at law.

## COUNT IV

## (INFRINGEMENT OF THE ’890 PATENT)

222. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

223. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell,

and/or import within or into the United States Lupin's ANDA Product before the expiration of the '890 Patent.

224. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '890 Patent are invalid, unenforceable, and/or will not be infringed.

225. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

226. Defendants have actual knowledge of the '890 Patent, as evidenced by Lupin's Notice Letter.

227. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '890 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '890 Patent.

228. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '890 Patent.

229. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

230. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the '890 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially

making, using, offering for sale, selling, and/or importing Lupin's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '890 Patent.

231. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

232. Defendants have knowledge of the '890 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '890 Patent, either literally or under the doctrine of equivalents.

233. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '890 Patent.

234. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

235. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '890 Patent unless enjoined by the Court.

236. Amicus does not have any adequate remedy at law.

## COUNT V

## (INFRINGEMENT OF THE '655 PATENT)

237. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

238. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '655 Patent.

239. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '655 Patent are invalid, unenforceable, and/or will not be infringed.

240. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

241. Defendants have actual knowledge of the '655 Patent, as evidenced by Lupin's Notice Letter.

242. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '655 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '655 Patent.

243. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '655 Patent.

244. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

245. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’655 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’655 Patent.

246. Defendants have knowledge of the ’655 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’655 Patent, either literally or under the doctrine of equivalents.

247. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’655 Patent.

248. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

249. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’655 Patent unless enjoined by the Court.

250. Amicus does not have any adequate remedy at law.

**COUNT VI**

**(INFRINGEMENT OF THE ’536 PATENT)**

251. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

252. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '536 Patent.

253. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '536 Patent are invalid, unenforceable, and/or will not be infringed.

254. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

255. Defendants have actual knowledge of the '536 Patent, as evidenced by Lupin's Notice Letter.

256. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '536 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '536 Patent.

257. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '536 Patent.

258. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

259. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the '536 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '536 Patent.

260. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

261. Defendants have knowledge of the '536 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '536 Patent, either literally or under the doctrine of equivalents.

262. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '536 Patent.

263. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

264. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '536 Patent unless enjoined by the Court.

265. Amicus does not have any adequate remedy at law.

## COUNT VII

## (INFRINGEMENT OF THE ’537 PATENT)

266. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

267. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’537 Patent.

268. Lupin’s Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the ’537 Patent are invalid, unenforceable, and/or will not be infringed.

269. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin’s ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

270. Defendants have actual knowledge of the ’537 Patent, as evidenced by Lupin’s Notice Letter.

271. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’537 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’537 Patent.

272. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '537 Patent.

273. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

274. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the '537 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '537 Patent.

275. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

276. Defendants have knowledge of the '537 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '537 Patent, either literally or under the doctrine of equivalents.

277. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '537 Patent.

278. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

279. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '537 Patent unless enjoined by the Court.

280. Amicus does not have any adequate remedy at law.

**COUNT VIII**

**(INFRINGEMENT OF THE '538 PATENT)**

281. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

282. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '538 Patent.

283. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '538 Patent are invalid, unenforceable, and/or will not be infringed.

284. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

285. Defendants have actual knowledge of the '538 Patent, as evidenced by Lupin's Notice Letter.

286. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’538 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’538 Patent.

287. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’538 Patent.

288. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

289. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’538 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’538 Patent.

290. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

291. Defendants have knowledge of the ’538 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’538 Patent, either literally or under the doctrine of equivalents.

292. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing

use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '538 Patent.

293. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

294. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '538 Patent unless enjoined by the Court.

295. Amicus does not have any adequate remedy at law.

**COUNT IX**

**(INFRINGEMENT OF THE '539 PATENT)**

296. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

297. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '539 Patent.

298. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '539 Patent are invalid, unenforceable, and/or will not be infringed.

299. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

300. Defendants have actual knowledge of the ’539 Patent, as evidenced by Lupin’s Notice Letter.

301. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’539 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’539 Patent.

302. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’539 Patent.

303. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

304. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’539 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’539 Patent.

305. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

306. Defendants have knowledge of the ’539 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’539 Patent, either literally or under the doctrine of equivalents.

307. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '539 Patent.

308. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

309. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '539 Patent unless enjoined by the Court.

310. Amicus does not have any adequate remedy at law.

## COUNT X

## (INFRINGEMENT OF THE '540 PATENT)

311. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

312. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '540 Patent.

313. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '540 Patent are invalid, unenforceable, and/or will not be infringed.

314. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration,

dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

315. Defendants have actual knowledge of the ’540 Patent, as evidenced by Lupin’s Notice Letter.

316. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’540 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’540 Patent.

317. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’540 Patent.

318. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

319. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’540 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’540 Patent.

320. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

321. Defendants have knowledge of the ’540 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’540 Patent, either literally or under the doctrine of equivalents.

322. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’540 Patent.

323. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

324. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’540 Patent unless enjoined by the Court.

325. Amicus does not have any adequate remedy at law.

**COUNT XI**

**(INFRINGEMENT OF THE ’761 PATENT)**

326. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

327. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’761 Patent.

328. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '761 Patent are invalid, unenforceable, and/or will not be infringed.

329. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

330. Defendants have actual knowledge of the '761 Patent, as evidenced by Lupin's Notice Letter.

331. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '761 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '761 Patent.

332. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '761 Patent.

333. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

334. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the '761 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or

contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’761 Patent.

335. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

336. Defendants have knowledge of the ’761 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’761 Patent, either literally or under the doctrine of equivalents.

337. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’761 Patent.

338. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

339. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’761 Patent unless enjoined by the Court.

340. Amicus does not have any adequate remedy at law.

## COUNT XII

## (INFRINGEMENT OF THE ’762 PATENT)

341. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

342. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell,

and/or import within or into the United States Lupin's ANDA Product before the expiration of the '762 Patent.

343. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '762 Patent are invalid, unenforceable, and/or will not be infringed.

344. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

345. Defendants have actual knowledge of the '762 Patent, as evidenced by Lupin's Notice Letter.

346. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '762 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '762 Patent.

347. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '762 Patent.

348. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

349. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the '762 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially

making, using, offering for sale, selling, and/or importing Lupin's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '762 Patent.

350. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

351. Defendants have knowledge of the '762 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '762 Patent, either literally or under the doctrine of equivalents.

352. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '762 Patent.

353. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

354. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '762 Patent unless enjoined by the Court.

355. Amicus does not have any adequate remedy at law.

**COUNT XIII**

**(INFRINGEMENT OF THE '763 PATENT)**

356. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

357. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '763 Patent.

358. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '763 Patent are invalid, unenforceable, and/or will not be infringed.

359. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

360. Defendants have actual knowledge of the '763 Patent, as evidenced by Lupin's Notice Letter.

361. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '763 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '763 Patent.

362. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '763 Patent.

363. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

364. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’763 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’763 Patent.

365. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

366. Defendants have knowledge of the ’763 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’763 Patent, either literally or under the doctrine of equivalents.

367. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’763 Patent.

368. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

369. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’763 Patent unless enjoined by the Court.

370. Amicus does not have any adequate remedy at law.

## COUNT XIV

## (INFRINGEMENT OF THE ’436 PATENT)

371. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

372. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’436 Patent.

373. Lupin’s Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the ’436 Patent are invalid, unenforceable, and/or will not be infringed.

374. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin’s ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

375. Defendants have actual knowledge of the ’436 Patent, as evidenced by Lupin’s Notice Letter.

376. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’436 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’436 Patent.

377. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '436 Patent.

378. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

379. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the '436 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '436 Patent.

380. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

381. Defendants have knowledge of the '436 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '436 Patent, either literally or under the doctrine of equivalents.

382. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '436 Patent.

383. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

384. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '436 Patent unless enjoined by the Court.

385. Amicus does not have any adequate remedy at law.

**COUNT XV**

**(INFRINGEMENT OF THE '437 PATENT)**

386. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

387. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '437 Patent.

388. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '437 Patent are invalid, unenforceable, and/or will not be infringed.

389. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

390. Defendants have actual knowledge of the '437 Patent, as evidenced by Lupin's Notice Letter.

391. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’437 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’437 Patent.

392. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’437 Patent.

393. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

394. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’437 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’437 Patent.

395. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

396. Defendants have knowledge of the ’437 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’437 Patent, either literally or under the doctrine of equivalents.

397. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing

use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '437 Patent.

398. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

399. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '437 Patent unless enjoined by the Court.

400. Amicus does not have any adequate remedy at law.

## COUNT XVI

## (INFRINGEMENT OF THE '128 PATENT)

401. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

402. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of patents listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules, which includes the '128 Patent.

403. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of certain patents listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules are invalid, unenforceable, and/or will not be infringed.

404. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration,

dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

405. Defendants had actual and/or constructive notice of the ’128 Patent prior to this suit as evidenced by the ’128 Patent’s listing in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

406. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’128 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’128 Patent.

407. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’128 Patent.

408. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

409. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’128 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’128 Patent.

410. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

411. Defendants have actual and/or constructive knowledge of the ’128 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’128 Patent, either literally or under the doctrine of equivalents.

412. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’128 Patent.

413. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

414. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’128 Patent unless enjoined by the Court.

415. Amicus does not have any adequate remedy at law.

**COUNT XVII**

**(INFRINGEMENT OF THE ’940 PATENT)**

416. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

417. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’940 Patent.

418. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '940 Patent are invalid, unenforceable, and/or will not be infringed.

419. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

420. Defendants have actual knowledge of the '940 Patent, as evidenced by Lupin's Notice Letter.

421. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '940 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '940 Patent.

422. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '940 Patent.

423. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

424. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '940 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '940 Patent.

425. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

426. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '940 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

427. Defendants have knowledge of the '940 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

428. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '940 Patent.

429. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

430. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '940 Patent unless enjoined by the Court.

431. Amicus does not have any adequate remedy at law.

## COUNT XVIII

## (DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '940 PATENT)

432. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

433. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

434. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Defendants regarding infringement of the '940 Patent such that the Court may entertain Amicus's request for declaratory relief consistent with Article III of the U.S. Constitution.

435. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '940 Patent.

436. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '940 Patent are invalid, unenforceable, and/or will not be infringed.

437. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

438. Defendants have actual knowledge of the '940 Patent, as evidenced by Lupin's Notice Letter.

439. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '940 Patent.

440. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

441. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '940 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '940 Patent.

442. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

443. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '940 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

444. Defendants have knowledge of the '940 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

445. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to

the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '940 Patent.

446. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

447. Defendants' conduct including, but not limited to, Lupin's filing of ANDA No. 217793 attempting to meet the regulatory requirements for approval of Lupin's ANDA Product, demonstrates that Defendants have made and will continue to make substantial and meaningful preparations to infringe the '940 Patent and that Defendants intend to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Lupin's ANDA Product immediately and imminently upon final approval of Lupin's ANDA and prior to the expiration of the '940 Patent.

448. Defendants' actions indicate that they do not intend to change their course of action to avoid infringing the '940 Patent.

449. Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to expiration of the '940 Patent will constitute infringement of the '940 Patent under 35 U.S.C. § 271(b).

450. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '940 Patent unless enjoined by the Court.

451. Amicus does not have any adequate remedy at law.

**COUNT XIX**

**(INFRINGEMENT OF THE '764 PATENT)**

452. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

453. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '764 Patent.

454. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '764 Patent are invalid, unenforceable, and/or will not be infringed.

455. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

456. Defendants have actual knowledge of the '764 Patent, as evidenced by Lupin's Notice Letter.

457. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '764 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '764 Patent.

458. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '764 Patent.

459. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

460. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the ’764 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’764 Patent.

461. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

462. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label, such physicians and patients will make and use the compositions claimed in the ’764 Patent, and therefore such physicians and patients will directly infringe at least one claim of the ’764 Patent, either literally or under the doctrine of equivalents.

463. Defendants have knowledge of the ’764 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’764 Patent, either literally or under the doctrine of equivalents.

464. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’764 Patent.

465. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

466. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’764 Patent unless enjoined by the Court.

467. Amicus does not have any adequate remedy at law.

## COUNT XX

## (DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’764 PATENT)

468. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

469. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

470. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Defendants regarding infringement of the ’764 Patent such that the Court may entertain Amicus’s request for declaratory relief consistent with Article III of the U.S. Constitution.

471. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’764 Patent.

472. Lupin’s Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the ’764 Patent are invalid, unenforceable, and/or will not be infringed.

473. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin’s ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

474. Defendants have actual knowledge of the ’764 Patent, as evidenced by Lupin’s Notice Letter.

475. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '764 Patent.

476. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

477. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '764 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '764 Patent.

478. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

479. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '764 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '764 Patent, either literally or under the doctrine of equivalents.

480. Defendants have knowledge of the '764 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '764 Patent, either literally or under the doctrine of equivalents.

481. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to

the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '764 Patent.

482. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

483. Defendants' conduct including, but not limited to, Lupin's filing of ANDA No. 217793 attempting to meet the regulatory requirements for approval of Lupin's ANDA Product, demonstrates that Defendants have made and will continue to make substantial and meaningful preparations to infringe the '764 Patent and that Defendants intend to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Lupin's ANDA Product immediately and imminently upon final approval of Lupin's ANDA and prior to the expiration of the '764 Patent.

484. Defendants' actions indicate that they do not intend to change their course of action to avoid infringing the '764 Patent.

485. Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to expiration of the '764 Patent will constitute infringement of the '764 Patent under 35 U.S.C. § 271(b).

486. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '764 Patent unless enjoined by the Court.

487. Amicus does not have any adequate remedy at law.

## COUNT XXI

## (INFRINGEMENT OF THE '765 PATENT)

488. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

489. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '765 Patent.

490. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '765 Patent are invalid, unenforceable, and/or will not be infringed.

491. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

492. Defendants have actual knowledge of the '765 Patent, as evidenced by Lupin's Notice Letter.

493. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '765 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '765 Patent.

494. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '765 Patent.

495. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

496. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the ’765 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’765 Patent.

497. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

498. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label, such physicians and patients will make and use the compositions claimed in the ’765 Patent, and therefore such physicians and patients will directly infringe at least one claim of the ’765 Patent, either literally or under the doctrine of equivalents.

499. Defendants have knowledge of the ’765 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’765 Patent, either literally or under the doctrine of equivalents.

500. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’765 Patent.

501. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

502. Amicus will be substantially and irreparably harmed by Defendants’ infringement of the ’765 Patent unless enjoined by the Court.

503. Amicus does not have any adequate remedy at law.

**COUNT XXII**

**(DECLARATORY JUDGMENT OF
INFRINGEMENT OF THE ’765 PATENT)**

504. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

505. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

506. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Defendants regarding infringement of the ’765 Patent such that the Court may entertain Amicus’s request for declaratory relief consistent with Article III of the U.S. Constitution.

507. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’765 Patent.

508. Lupin’s Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the ’765 Patent are invalid, unenforceable, and/or will not be infringed.

509. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin’s ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

510. Defendants have actual knowledge of the ’765 Patent, as evidenced by Lupin’s Notice Letter.

511. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '765 Patent.

512. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

513. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '765 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '765 Patent.

514. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

515. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '765 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '765 Patent, either literally or under the doctrine of equivalents.

516. Defendants have knowledge of the '765 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '765 Patent, either literally or under the doctrine of equivalents.

517. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to

the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '765 Patent.

518. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

519. Defendants' conduct including, but not limited to, Lupin's filing of ANDA No. 217793 attempting to meet the regulatory requirements for approval of Lupin's ANDA Product, demonstrates that Defendants have made and will continue to make substantial and meaningful preparations to infringe the '765 Patent and that Defendants intend to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Lupin's ANDA Product immediately and imminently upon final approval of Lupin's ANDA and prior to the expiration of the '765 Patent.

520. Defendants' actions indicate that they do not intend to change their course of action to avoid infringing the '765 Patent.

521. Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to expiration of the '765 Patent will constitute infringement of the '765 Patent under 35 U.S.C. § 271(b).

522. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '765 Patent unless enjoined by the Court.

523. Amicus does not have any adequate remedy at law.

**COUNT XXIII**

**(INFRINGEMENT OF THE '244 PATENT)**

524. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

525. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '244 Patent.

526. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '244 Patent are invalid, unenforceable, and/or will not be infringed.

527. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

528. Defendants have actual knowledge of the '244 Patent, as evidenced by Lupin's Notice Letter.

529. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '244 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '244 Patent.

530. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '244 Patent.

531. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

532. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '244 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '244 Patent.

533. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

534. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '244 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

535. Defendants have knowledge of the '244 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

536. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '244 Patent.

537. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

538. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '244 Patent unless enjoined by the Court.

539. Amicus does not have any adequate remedy at law.

**COUNT XXIV**

**(DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’244 PATENT)**

540. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

541. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

542. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Defendants regarding infringement of the ’244 Patent such that the Court may entertain Amicus’s request for declaratory relief consistent with Article III of the U.S. Constitution.

543. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’244 Patent.

544. Lupin’s Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the ’244 Patent are invalid, unenforceable, and/or will not be infringed.

545. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin’s ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

546. Defendants have actual knowledge of the ’244 Patent, as evidenced by Lupin’s Notice Letter.

547. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '244 Patent.

548. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

549. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '244 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '244 Patent.

550. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

551. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '244 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

552. Defendants have knowledge of the '244 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

553. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to

the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '244 Patent.

554. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

555. Defendants' conduct including, but not limited to, Lupin's filing of ANDA No. 217793 attempting to meet the regulatory requirements for approval of Lupin's ANDA Product, demonstrates that Defendants have made and will continue to make substantial and meaningful preparations to infringe the '244 Patent and that Defendants intend to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Lupin's ANDA Product immediately and imminently upon final approval of Lupin's ANDA and prior to the expiration of the '244 Patent.

556. Defendants' actions indicate that they do not intend to change their course of action to avoid infringing the '244 Patent.

557. Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to expiration of the '244 Patent will constitute infringement of the '244 Patent under 35 U.S.C. § 271(b).

558. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '244 Patent unless enjoined by the Court.

559. Amicus does not have any adequate remedy at law.

## COUNT XXV

## (INFRINGEMENT OF THE '396 PATENT)

560. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

561. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of patents listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules, which includes the '396 Patent.

562. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of certain patents listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules are invalid, unenforceable, and/or will not be infringed.

563. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

564. Defendants had actual and/or constructive notice of the '396 Patent prior to this suit as evidenced by the '396 Patent's listing in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

565. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '396 Patent by submitting, or causing to be submitted, to the FDA Lupin's ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration date of the '396 Patent.

566. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '396 Patent.

567. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

568. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '396 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '396 Patent.

569. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

570. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '396 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '396 Patent, either literally or under the doctrine of equivalents.

571. Defendants have actual and/or constructive knowledge of the '396 Patent and, by virtue of Lupin's Label for Lupin's ANDA Product, know or should know that they will induce direct infringement of at least one claim of the '396 Patent, either literally or under the doctrine of equivalents.

572. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '396 Patent.

573. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

574. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '396 Patent unless enjoined by the Court.

575. Amicus does not have any adequate remedy at law.

## COUNT XXVI

## (DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '396 PATENT)

576. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

577. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

578. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Defendants regarding infringement of the '396 Patent such that the Court may entertain Amicus's request for declaratory relief consistent with Article III of the U.S. Constitution.

579. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of patents listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules, which includes the '396 Patent.

580. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of certain patents listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules are invalid, unenforceable, and/or will not be infringed.

581. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

582. Defendants had actual and/or constructive notice of the '396 Patent prior to this suit as evidenced by the '396 Patent's listing in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

583. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin's ANDA Product within or into the United States before the expiration of the '396 Patent.

584. Upon information and belief, Lupin has represented to the FDA that Lupin's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

585. If ANDA No. 217793 is approved, Defendants will actively induce direct infringement of one or more claims of the '396 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the '396 Patent.

586. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin's ANDA Product according to the instructions for use in Lupin's Label.

587. Defendants know, should know, and intend that, when physicians prescribe and patients take Lupin's ANDA Product according to the instructions for use in Lupin's Label, such physicians and patients will make and use the compositions claimed in the '396

Patent, and therefore such physicians and patients will directly infringe at least one claim of the ’396 Patent, either literally or under the doctrine of equivalents.

588. Defendants have actual and/or constructive knowledge of the ’396 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’396 Patent, either literally or under the doctrine of equivalents.

589. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin’s ANDA Product according to the instructions for use in Lupin’s Label in a way that directly infringes at least one claim of the ’396 Patent.

590. Defendants’ actions relating to Lupin’s ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

591. Defendants’ conduct including, but not limited to, Lupin’s filing of ANDA No. 217793 attempting to meet the regulatory requirements for approval of Lupin’s ANDA Product, demonstrates that Defendants have made and will continue to make substantial and meaningful preparations to infringe the ’396 Patent and that Defendants intend to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Lupin’s ANDA Product immediately and imminently upon final approval of Lupin’s ANDA and prior to the expiration of the ’396 Patent.

592. Defendants’ actions indicate that they do not intend to change their course of action to avoid infringing the ’396 Patent.

593. Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to expiration of the '396 Patent will constitute infringement of the '396 Patent under 35 U.S.C. § 271(b).

594. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '396 Patent unless enjoined by the Court.

595. Amicus does not have any adequate remedy at law.

**COUNT XXVII**

**(INFRINGEMENT OF THE '657 PATENT)**

596. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

597. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '657 Patent.

598. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '657 Patent are invalid, unenforceable, and/or will not be infringed.

599. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

600. Defendants have actual knowledge of the '657 Patent, as evidenced by Lupin's Notice Letter.

601. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’657 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’657 Patent.

602. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’657 Patent.

603. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

604. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’657 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’657 Patent.

605. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

606. Defendants have knowledge of the ’657 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’657 Patent, either literally or under the doctrine of equivalents.

607. Defendants are aware, have knowledge of, and/or specifically intend that Lupin’s Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing

use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '657 Patent.

608. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

609. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '657 Patent unless enjoined by the Court.

610. Amicus does not have any adequate remedy at law.

## COUNT XXVIII

## (INFRINGEMENT OF THE '784 PATENT)

611. Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

612. Lupin, in coordination and collaboration with SBS, filed ANDA No. 217793 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '784 Patent.

613. Lupin's Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '784 Patent are invalid, unenforceable, and/or will not be infringed.

614. By filing ANDA No. 217793, Lupin has represented to the FDA that, upon approval, Lupin's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

615. Defendants have actual knowledge of the ’784 Patent, as evidenced by Lupin’s Notice Letter.

616. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the ’784 Patent by submitting, or causing to be submitted, to the FDA Lupin’s ANDA No. 217793 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration date of the ’784 Patent.

617. Subject to receiving final approval of ANDA No. 217793, Defendants intend to and will commercially manufacture, use, offer for sale, sell, and/or import Lupin’s ANDA Product within or into the United States before the expiration of the ’784 Patent.

618. Upon information and belief, Lupin has represented to the FDA that Lupin’s ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

619. If ANDA No. 217793 is approved, Defendants will infringe one or more claims of the ’784 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Lupin’s ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217793 shall be no earlier than the expiration of the ’784 Patent.

620. Defendants know, should know, and intend that physicians will prescribe and patients will take Lupin’s ANDA Product according to the instructions for use in Lupin’s Label.

621. Defendants have knowledge of the ’784 Patent and, by virtue of Lupin’s Label for Lupin’s ANDA Product, know or should know that they will induce direct infringement of at least one claim of the ’784 Patent, either literally or under the doctrine of equivalents.

622. Defendants are aware, have knowledge of, and/or specifically intend that Lupin's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's ANDA Product according to the instructions for use in Lupin's Label in a way that directly infringes at least one claim of the '784 Patent.

623. Defendants' actions relating to Lupin's ANDA No. 217793 complained of herein were done by and for the benefit of Lupin and its agent, SBS.

624. Amicus will be substantially and irreparably harmed by Defendants' infringement of the '784 Patent unless enjoined by the Court.

625. Amicus does not have any adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '279 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '279 Patent;

B. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '279 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '279 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

C. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '727 Patent through Lupin's submission of ANDA No. 217793

to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '727 Patent;

D. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '727 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '727 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

E. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '889 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '889 Patent;

F. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '889 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '889 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

G. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '890 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '890 Patent;

H. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '890 Patent will infringe, actively

induce infringement, and/or contribute to the infringement of at least one claim of the ’890 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

I. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’655 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’655 Patent;

J. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’655 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’655 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

K. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’536 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’536 Patent;

L. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’536 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’536 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

M. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’537 Patent through Lupin’s submission of ANDA No. 217793

to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '537 Patent;

N. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '537 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '537 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

O. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '538 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '538 Patent;

P. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '538 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '538 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

Q. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '539 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '539 Patent;

R. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '539 Patent will infringe, actively

induce infringement, and/or contribute to the infringement of at least one claim of the ’539 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

S. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’540 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’540 Patent;

T. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’540 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’540 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

U. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’761 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’761 Patent;

V. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’761 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’761 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

W. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’762 Patent through Lupin’s submission of ANDA No. 217793

to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '762 Patent;

X. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '762 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '762 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

Y. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '763 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '763 Patent;

Z. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '763 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '763 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

AA. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '436 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '436 Patent;

BB. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '436 Patent will infringe, actively

induce infringement, and/or contribute to the infringement of at least one claim of the ’436 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

CC. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’437 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’437 Patent;

DD. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’437 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’437 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

EE. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’128 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’128 Patent;

FF. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’128 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’128 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

GG. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’940 Patent through Lupin’s submission of ANDA No. 217793

to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '940 Patent;

HH. The entry of judgment under 35 U.S.C. § 271(b) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '940 Patent will actively induce infringement of at least one claim of the '940 Patent under 35 U.S.C. § 271(b);

II. A judicial declaration that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '940 Patent will actively induce infringement of at least one claim of the '940 Patent under 35 U.S.C. § 271(b);

JJ. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '764 Patent through Lupin's submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin's ANDA Product before the expiration of the '764 Patent;

KK. The entry of judgment under 35 U.S.C. § 271(b) that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '764 Patent will actively induce infringement of at least one claim of the '764 Patent under 35 U.S.C. § 271(b);

LL. A judicial declaration that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product before the expiration of the '764 Patent will actively induce infringement of at least one claim of the '764 Patent under 35 U.S.C. § 271(b);

MM. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’765 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’765 Patent;

NN. The entry of judgment under 35 U.S.C. § 271(b) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’765 Patent will actively induce infringement of at least one claim of the ’765 Patent under 35 U.S.C. § 271(b);

OO. A judicial declaration that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’765 Patent will actively induce infringement of at least one claim of the ’765 Patent under 35 U.S.C. § 271(b);

PP. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’244 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’244 Patent;

QQ. The entry of judgment under 35 U.S.C. § 271(b) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’244 Patent will actively induce infringement of at least one claim of the ’244 Patent under 35 U.S.C. § 271(b);

RR. A judicial declaration that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the

expiration of the ’244 Patent will actively induce infringement of at least one claim of the ’244 Patent under 35 U.S.C. § 271(b);

SS. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’396 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’396 Patent;

TT. The entry of judgment under 35 U.S.C. § 271(b) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’396 Patent will actively induce infringement of at least one claim of the ’396 Patent under 35 U.S.C. § 271(b);

UU. A judicial declaration that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’396 Patent will actively induce infringement of at least one claim of the ’396 Patent under 35 U.S.C. § 271(b);

VV. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’657 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’657 Patent;

WW. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’657 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’657 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

XX. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the ’784 Patent through Lupin’s submission of ANDA No. 217793 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Lupin’s ANDA Product before the expiration of the ’784 Patent;

YY. The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants’ commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product before the expiration of the ’784 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the ’784 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

ZZ. The issuance of an order providing that the effective date of any FDA approval of Lupin’s ANDA Product shall be no earlier than the expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Amicus and/or the Patents-in-Suit become entitled, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

AAA. The entry of a permanent and/or preliminary injunction enjoining Defendants and all persons acting in concert with Defendants from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin’s ANDA Product, until the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Amicus and/or the Patents-in-Suit are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

BBB. The entry of a permanent and/or preliminary injunction enjoining Defendants and all persons acting in concert with Defendants from seeking, obtaining, or maintaining approval of

the ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

CCC. Damages, including under 35 U.S.C. §§ 271(e)(4)(C) and/or 285, or other monetary relief awarded to Amicus if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Lupin's ANDA Product prior to the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Amicus is or becomes entitled;

DDD. A declaration that this is an exceptional case and an award to Amicus of its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

EEE. An award to Amicus of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

FFF. An award to Amicus of any further and additional relief that this Court deems just and proper.

Dated: November 7, 2022

**BARNES & THORNBURG LLP**


/s/ *Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Tel. (302) 300-3474
Email: Chad.Stover@btlaw.com

John W. Cox, Ph.D.**
Christina M. Baugh**
Joshua M. Kalb**
Lauren Baker**
Anna Whitacre**
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA 30326
Tel. (404) 264-4092
Email: John.Cox@btlaw.com
Email: Christina.Baugh@btlaw.com
Email: Josh.Kalb@btlaw.com
Email: Lauren.Baker@btlaw.com
Email: Anna.Whitacre@btlaw.com

Mark C. Nelson**
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Tel. (214) 258-4140
Email: Mark.Nelson@btlaw.com

Heather B. Repicky**
One Marina Park Drive, Suite 1530
Boston, MA 02210
Tel. (617) 316-5317
Email: Heather.Repicky@btlaw.com

Josh E. Ney, Ph.D.**
1717 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20006-4623
Tel. (734) 489-8004
Email: Josh.Ney@btlaw.com


** *Pro Hac Vice* application forthcoming

*Attorneys for Plaintiffs*